### CARESSA, Inc. v. CITY GAS COMPANY OF FLORIDA, Inc.
No. 66-L-333.

Circuit Court, Dade County.

October 20, 1967.

200

Williams, Salomon & Kenney, Miami, for plaintiff.

Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for defendant.

Welsh & Cornell, Miami, for Miami Heating & Ventilating Co., third party defendant.

Spencer & Taylor, Miami, for Hinds Plumbing Co., third party defendant.

HENRY L. BALABAN, Circuit Judge.

This cause came on to be heard on third party defendants' motions to dismiss third party plaintiff's complaint, and the court having heard argument of counsel for the respective parties, and being otherwise fully advised in the premises, finds —

1. The plaintiff, Caressa, Inc., filed a complaint against the defendant, City Gas Company of Florida, alleging breach of written contract entered into between the parties.

2. The defendant, in turn, filed a third party complaint against the two third party defendants in two counts.

In count I it alleges, without more, that Miami Heating & Ventilating Company was a subcontractor of the third party plaintiff, and Hinds Plumbing Company was a subcontractor of Miami Heating & Ventilating Company, which third party defendants allegedly caused (but does not allege how) the breach of contract the original plaintiff complains of, thereby entitling

the third party plaintiff to be indemnified for any sums that may be adjudged against it.

In count II, after readopting its allegations in count I, the third party plaintiff, without more, concludes it is entitled to full indemnity including reasonable cost of defense of this action.

3. There are no allegations of fact from which to infer that the contract between the plaintiff and the third party plaintiff also binds the third party defendants, which would be the case if they knew about the contract and expressly or by operation of law adopted the contract as their own.

Neither are there allegations of fact from which to infer that in case of a breach of the contract by the third party plaintiff, the third party defendants promised either expressly or by operation of law to indemnify the third party plaintiff.

4. A complaint is legally sufficient if it states ultimate facts which in turn state a cause of action, thus avoiding the prolixity of evidentiary facts.

But where the so-called ultimate fact is a mixed question of law and fact, it is impossible to distinguish the ultimate fact (permissible) from a conclusion of law (not permissible). To resolve this dilemma, it becomes necessary to allege sufficient evidentiary facts from which to infer the ultimate fact.

5. The relationship of indemnitor-indemnitee may arise by express contract or by operation of law and is a mixed question of law and fact. The allegations of the third party plaintiff are legally insufficient to state a cause of action for indemnity, in view of the alleged circumstances, taken as a whole, surrounding the case.

It is, therefore, upon consideration ordered and adjudged that —

6. The third party defendants' motions to dismiss the third party plaintiff's complaint are granted, and the complaint is dismissed, without prejudice.

7. The third party plaintiff is granted twenty days in which to file an amended third party complaint if it desires to do so.